Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd, Suite 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com

Attorneys for Plaintiff, HAROLD JACOBY

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| HAROLD JACOBY, ) | **Case No.:** |
| Plaintiff, ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. ) | |
| RESURGENT CAPITAL SERVICES, LP. ) | **(Unlawful Debt Collection Practices)** |
| Defendant. ) | |

## **COMPLAINT**

HAROLD JACOBY (Plaintiff), by his attorneys, KROHN & MOSS, LTD., allege the following against RESURGENT CAPITAL SERVICES, LP (Defendant):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the

- 1 -

loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff bring this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant conducts business in the state of Arizona, personal jurisdiction is established.

*6.* Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural persons residing in Mesa, Maricopa County, Arizona and are allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant has a business office in Greenville, Greenville County, South Carolina.

COMPLAINT AND DEMAND FOR JURY TRIAL

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Plaintiff sent Defendant a cease and desist letter requesting Defendant no longer contact her and requesting validation of the debt.

12. Defendant has continued to contact Plaintiff seeking and demanding Payment on the alleged debt. Defendant has also failed to provide Plaintiff with a 30 day validation notice per Plaintiff's request.

13. Defendant has threatened Plaintiff with legal action while seeking and demanding payment for an alleged debt.

14. Defendant called Plaintiff approximately 3-4 times per day seeking and demanding payment on the debt not owed.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff before on Sunday around 8:00 AM in an attempt to collect an alleged debt.

    b. Defendant violated *§1692c(c)* of the FDCPA by contacting the Plaintiff after written notification that Plaintiff refuses to pay the debt and that Plaintiff wants collector to cease communication.

    c. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse the Plaintiff.

    d. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with

the intent to annoy, abuse, and harass Plaintiff.

    e. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken or that Is not intended to be taken.

    f. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, HAROLD JACOBY respectfully requests judgment be entered against Defendant, RESURGENT CAPITAL SERVICES, LP, for the following:

17. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

18. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Actual damages,

COMPLAINT AND DEMAND FOR JURY TRIAL

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

21. Any other relief that this Honorable Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, HAROLD JACOBY, demand a jury trial in this cause of action.

                                                RESPECTFULLY SUBMITTED,

DATED:  February 19, 2009           KROHN & MOSS, LTD.

                                  By:   <u>/s/  Ryan Lee</u>

                                         Ryan Lee
                                         Attorney for Plaintiffs

### **VERIFICATION OF COMPLAINT AND CERTIFICATION**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, HAROLD JACOBY, state as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by our attorneys and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by our attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, HAROLD JACOB Y hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 2/19/09              _____
                            HAROLD JACOBY